IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **CARTER TILLERY,** ) | |
| ) | |
| Petitioner, ) | Case No. 7:20CV00361 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **WARDEN J.C. STREEVAL, USP LEE,** ) | By: James P. Jones |
| ) | United States District Judge |
| Respondent. ) | |

*Carter Tillery, Pro Se Petitioner.*

Petitioner, Carter Tillery, a federal inmate proceeding pro se, filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] Tillery contends that his sentence as enhanced under the Career Offender provision of the U.S. Sentencing Guidelines Manual ("USSG") is erroneous and must be revisited in light of *United States v. Wheeler*, 886 F.3d 415, 425–26 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 1318 (2019), and *Mathis v. United States*, 136 S. Ct. 2243 (2016). After review of the record, I conclude that Tillery's petition must be summarily dismissed.

---

[1] Tillery is confined at United States Penitentiary in Lee County, which is located in this judicial district.

I.

The current petition is not Tillery's first court action challenging his federal criminal judgment.

> "[A] grand jury indicted Tillery on August 4, 2010, on two counts: (1) Hobbs Act robbery affecting interstate commerce in violation of 18 U.S.C. § 1951(a); and (2) using, carrying, and possessing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii)." *United States v. Tillery*, 702 F.3d 170, 173 (4th Cir. 2012). "On December 14 and 15, 2010, a jury trial was held and Tillery was convicted of both counts. And on August 1, 2011, Tillery was sentenced to 240 months for the robbery and 120 months for the firearms charge to run consecutively for a total of 360 months . . . ." *Id.*
>
> On April 15, 2014, Tillery filed his 28 U.S.C. § 2255 Motion . . . wherein he raised a host of claims. . . . [O]n June 11, 2015, the Court dismissed [Tillery's] claims and denied the § 2255 Motion. . . . Tillery appealed. On June 10, 2016, the United States Court of Appeals for the Fourth Circuit remanded the matter to this Court to consider his claims that *Johnson v. United States*, 135 S. Ct. 2551 (2015) invalidated Tillery's designation as a Career Offender under the Sentencing Guidelines ("USSG") and that *Johnson* invalidated his firearm conviction.

*United States v. Tillery*, No. 3:10CR223, 2019 WL 2078777, at *1 (E.D. Va. May 10, 2019). The trial court ultimately found Tillery's *Johnson* claims to be without merit and denied relief under § 2255. *Id.* at *2.

In his § 2241 petition, Tillery relies on another court decision: *Mathis v. United States*, 136 S. Ct. 2243 (2016) (holding that prior conviction does not qualify as generic form of predicate violent felony offense listed in Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), if an element of crime of conviction is broader

than an element of generic offense because crime of conviction enumerates various alternative factual means of satisfying that element). Liberally construed, Tillery's § 2241 claims assert that:

(1) In light of *Mathis,* Hobbs Act Robbery, 18 U.S.C. § 1951(a), is not a crime of violence under § 4B1.2, the Career Offender guideline;

(2) In light of *Mathis*, Va. Code Ann. § 46.2-817(B) is not a crime of violence under § 4B1.2;

(3) In light of *Mathis*, Tillery's conviction under 18 U.S.C. § 924(c) must be vacated; and

(4) In light of *Mathis*, Tillery's sentence enhancement under the Career Offender guideline is erroneous.

As relief in this action, Tillery seeks to have his conviction and sentence for the § 924(c) offense vacated, to be resentenced without the Career Offender enhancement, and to be released from incarceration.

II.

Generally, federal prisoners "are required to bring collateral attacks challenging the validity of their judgment and sentence as imposed by filing a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the "savings clause" in § 2255(e) allows a federal prisoner to seek such relief through a petition for a writ of habeas corpus under 28 U.S.C. § 2241 if § 2255 is "inadequate or ineffective to test the legality of [his] detention." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). The requirements of the savings

clause are jurisdictional. *Wheeler*, 886 F.3d at 425–26. Thus, unless the requirements for jurisdiction are met, a district court may not entertain a § 2241 petition that challenges the validity of a federal conviction or sentence. *Id.*

The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of a *conviction* when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34. An even more stringent standard applies when a defendant claims that a § 2255 motion is inadequate and ineffective to test the legality of a *sentence*. The defendant must show that:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429.

Tillery's § 2241 claims contend that *Mathis* represents a retroactive, post-conviction change in the legal landscape as required under the *Jones* and the *Wheeler*

standards. The problem with this argument is that *Mathis* did *not* change settled substantive law. As the Fourth Circuit has explained:

> *Descamps* [*v. United States*, 570 U.S. 254 (2013)] and *Mathis* did not announce a retroactively applicable substantive change in the law. Rather, these cases reiterated and clarified the application of the categorical approach or the modified categorical approach, to determine whether prior convictions qualify as predicates for recidivist enhancements. *See Mathis*, 136 S. Ct. at 2257 ("Our precedents make this a straightforward case."); *Descamps*, 570 U.S. at 260 (noting that Court's prior case law explaining categorical approach "all but resolves this case"); *United States v. Royal*, 731 F.3d 333, 340 (4th Cir. 2013) ("In *Descamps*, the Supreme Court recently clarified whe[n] courts may apply the modified categorical approach.").

*Brooks v. Bragg*, 735 F. App'x 108, 109 (4th Cir. 2018) (upublished); *Muhammad v. Wilson*, 715 F. App'x 251, 252 (4th Cir. 2017) (unpublished) ("*Mathis* did not announce a substantive change to the law."); *Abdul-Sabur v. United States*, No. 7:18CV00107, 2019 WL 4040697, at *3 (W.D. Va. Aug. 27, 2019) (finding that "*Mathis* did not change settled substantive law" so as to bring career offender sentencing claims under savings clause and § 2241), *aff'd*, 794 F. App'x 320 (4th Cir. 2020) (unpublished). Not only does *Mathis* fail to fulfill the retroactive legal change facet of the jurisdictional standards in *Jones* and *Wheeler*, but it also did not decriminalize Tillery's offense conduct, as required to challenge his convictions under *Jones*.

For the stated reasons, Tillery has not demonstrated that, under the requirements of *Jones* or *Wheeler,* § 2255 is inadequate and ineffective to test the

legality of his sentence or convictions. Consequently, I have no jurisdiction to address the merits of his claims under § 2241. Therefore, I will dismiss the petition without prejudice for lack of jurisdiction.

A separate Final Order will be entered herewith.

DATED: December 16, 2020

/s/  JAMES P. JONES
United States District Judge